UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Zavier Smith, *pro se*

                            Plaintiff,

    - against -

The City of New York and Police Officers
John Does 1-3,

                          Defendants.
----------------------------------------------------------x

ORDER
10-CV-5241 (NG) (JMA)

GERSHON, United States District Judge:

      Plaintiff commenced this action on November 15, 2010, alleging that the defendants violated her civil rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York State law by falsely arresting her for trespass and assaulting and battering her by handcuffing and searching her without cause. Defendants requested a premotion conference, seeking to file a motion for summary judgment on all claims. Despite being served with this request, and my rules directing parties to file responses to requests for premotion conferences, plaintiff did not file any opposition to defendants' request. On September 14, 2011, I issued an order stating that a premotion conference was unnecessary and directing defendants to serve and file their motion by October 17, and for plaintiff to serve and file opposition by November 18. Defendants' reply, if any, was to be served and filed by November 30. Defendants timely served and filed their motion for summary judgment but plaintiff did not file any opposition papers.

      Having reviewed defendants' submissions in support of their motion and considering that plaintiff has not offered any evidence to the contrary, I find that summary judgment is appropriate, as there are no genuine issues of material fact for trial, and, on the undisputed facts, defendants are

entitled to summary judgment.

Plaintiff asserts six claims in her complaint: (1) false arrest under federal law; (2) false arrest under state law; (3) assault; (4) battery; (5) state law *respondeat superior*; and (6) a claim of municipal liability. Plaintiff, however, was not falsely arrested. Rather, the undisputed evidence establishes that, on September 26, 2010, the police had probable cause to arrest plaintiff. Probable cause exists when, based on the totality of circumstances, the arresting officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir.2007); *see also Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir.2006). Since plaintiff had not received permission to be on the premises from Andrew Wilkinson, Jr., the sole person with care, custody and control of the house located at 3103 Synder Avenue, Brooklyn, New York (the "House"), she was trespassing. In fact, Mr. Wilkinson has never met the plaintiff. Plaintiff's trespassing violated New York Penal Law § 140.15, criminal trespass in the second degree, which occurs "when [a person] knowingly enters or remains unlawfully in a dwelling." N.Y. Penal Law § 140.15. "A person 'enters or remains unlawfully' in or upon premises when he [or she] is not licensed or privileged to do so." Id. § 140.00(5). After police found the plaintiff at the House and placed a telephone call to Mr. Wilkinson which confirmed that he did know the plaintiff or give anyone permission to be on the premises, plaintiff was arrested for trespassing and handcuffed and searched incident to the lawful arrest.

Therefore, defendants' motion for summary judgment is granted and the Clerk of Court is directed to enter judgment for the defendants.

SO ORDERED.

**/s/ Nina Gershon (electronically signed)**
NINA GERSHON
United States District Judge

Dated:    Brooklyn, New York
          December 21, 2011